UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANGELIQUE KELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | JURY TRIAL DEMAND |
| vs. | ) | |
| | ) | Case No. |
| HOPEBRIDGE, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff Angelique Kelley ("Kelley"), for her Complaint against Defendant Hopebridge, LLC ("Hopebridge") states as follows:

### Introduction

1. This is an action for damages against Hopebridge for its discriminatory treatment, retaliation and wrongful termination of Kelley's employment in violation of the Civil Rights Act of 1964 § 701 *et seq.*, as amended, and 42 U.S.C. § 2000e ("Title VII").

2. Hopebridge discriminated against Kelley by placing her on a Performance Development Plan ("PDP") because of her race (African American).

3. Hopebridge treated Kelley in a different manner than similarly situated white employees.

4. Hopebridge treated Kelley in a different manner than similarly situated male employees.

5. Hopebridge retaliated against Kelley by terminating her employment after affording her an insufficient period of time within which to improve her purported performance deficiencies identified in the performance appraisal process because of her status as an African American Female.

6. Kelley seeks monetary damages, a declaratory judgment and injunctive relief restraining Hopebridge from maintaining practices, policies, customs and usages that discriminated and retaliated

against Kelley and members of her class because of their race and/or gender.

## EEOC Compliance

7. Kelley exhausted all of the administrative proceedings available to her by timely filing a *Charge of Discrimination* on the basis of race discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). This was done in compliance with 42 U.S.C. § 2000e-5.

8. Kelley received a *Dismissal and Notice of Rights* on or about February 20, 2019. A copy of the *Dismissal and Notice of Rights* is attached and marked as Exhibit "1".

## Jurisdiction

9. This Court has original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343 over Kelley's causes of action arising under Title VII, 42 U.S.C. § 2000e-5(f)(1), (3) and (g), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, and pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

10. Venue lies in the United States District Court for the Southern District of Indiana because a substantial part of the events or omissions giving rise to Kelley's claims occurred in Indianapolis, Indiana. 28 U.S.C. § 1391(b)(2).

11. Divisional venue is in the Indianapolis Division because the events leading to the claims for relief arose in Marion County.

## Parties

12. Kelley is an adult citizen and resident of Indianapolis, Marion County, Indiana.

13. Hopebridge is a domestic limited liability for-profit company registered to do business in the State of Indiana.

14. At all times material hereto, Kelley was an employee and Hopebridge was her employer,

covered by and within the meaning of Title VII.

## Background

15. On or about September, 12, 2016, Kelley agreed to work for Hopebridge.

16. Kelley's responsibilities included "billing" for Medicaid services.

17. Upon information and belief, Kelley performed her duties and responsibilities with an exemplary and unblemished employment record.

18. Kelley received quarterly "bonuses" for meeting all of her goals from the employer.

19. On or about July 28, 2017, Kelley disciplined two white employees for failing to perform their duties. Said employees complained to Hopebridge.

20. On or about August 8, 2017, Hopebridge issued to Kelley a "written warning" and a Performance Development Plan.

21. Kelley was informed that the August 8, 2017 discipline came from Herb Senft, Hopebridge's CFO.

22. Kelley was terminated by Hopebridge on or about August 11, 2017.

23. Hopebridge afforded Kelley only three (3) calendar days to show improvement under the PDP.

24. As a direct and proximate result of the foregoing conduct:

    (a) Kelley incurred and and continues to incur a substantial loss of present and future income;

    (b) Kelley has lost the fringe benefits provided by Hopebridge;

    (c) Kelley has suffered damage to her career;

    (d) Kelley has suffered mental and physical anguish; and

    (e) Kelley has incurred additional financial losses, including the costs associated with

invoking her federally protected civil rights.

## Statement of Claims

### COUNT I
(*Race Discrimination*)

25. Kelley re-alleges and incorporates by reference paragraphs 1 through 24.

26. Kelley was subjected to harassment based on her race.

27. Kelley was subjected to unwarranted disciplinary actions based on her race.

28. Hopebridge was fully aware that Kelley was being discriminated against based on her race.

29. Hopebridge did not address, respond and/or eliminate the discrimination against Kelley.

30. Hopebridge's acts and omissions were with malice and in reckless disregard of Kelley's federal civil rights. The policies and practices described above are part of a pattern and practice of race discrimination employed by Hopebridge and constitutes a violation of 42 U.S.C. § 2000e-2(a) and the interdiction of the statute against limiting, classifying or segregating employees in the terms, conditions and privileges of their employment on the basis of their race.

31. As a result of Hopebridge's discriminatory acts, Kelley has suffered and will continue to suffer monetary damages and damages for mental anguish and humiliation unless and until this Court grants relief.

## Prayer For Relief

WHEREFORE, Plaintiff Angelique Kelley respectfully requests this Court:

A. Enter judgment in favor of Kelley and against Defendant Hopebridge, LLC;

B. Enter an order declaring Defendant Hopebridge LLC's conduct a violation of Title VII;

C. Award Kelley compensatory and punitive damages against Defendant Hopebridge LLC;

D. Award Kelley's counsel reasonable attorneys' fees and costs;

E.  Enter a permanent injunction, upon proper motion, requiring Defendant Hopebridge LLC to adopt appropriate policies related to the hiring, training and supervision of its employees; and

F.  Grant Kelley such other and further relief as may be just and proper under the circumstances, including but not limited to appropriate injunctive relief.

## Jury Trial Demand

Plaintiff demands a jury trial, pursuant to the Seventh Amendment to the Constitution of the United States, as to all claims for damages.

Respectfully submitted,

 /s/  Daniel K. Dilley
Daniel K. Dilley (22715-49)
Robert M. Oakley (26890-06)
DILLEY & OAKLEY, P.C.
933 Keystone Way
Carmel, Indiana 46032
O: (317) 564-4932
Email:  firm@dilley-oakley.com